**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**OCT 31 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CORRIE LAWRENCE TEAGUE,

     Petitioner - Appellant,

v.

REGINALD HINES, Warden,

     Respondent - Appellee.

No. 00-6241
(D.C. No. 00-CV-848-T)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

     Corrie Lawrence Teague, an Oklahoma state prisoner appearing pro se, seeks a

certificate of appealability to challenge the district court's summary dismissal of his

---

     [*] The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

habeas petition under 28 U.S.C. § 2241.[1]  He also renews his motion to proceed in forma pauperis.

Teague is serving a twenty year sentence for drug related convictions pursuant to a guilty plea entered on June 14, 1996.  Teague does not appeal these convictions or their validity.  Instead, Teague asserts he is entitled to a reduction of his sentence under Oklahoma House Bill 1213 which was recently repealed by House Bill 1009X.  Specifically, he asserts that "House Bill 1009X deprive[s] me from receiving the retroactive beneficiary Felony Sentencing Policies implemented in[] House Bill    1213 . . ." (Appellant's Br. at 16(13).)  Petitioner asserts violations of his Fifth, Eighth and Fourteenth Amendment due process and equal protection rights under the United States Constitution.

The Bills to which petitioner refers are part of a prolonged legislative battle over Oklahoma's "Truth in Sentencing Act," 1997 Okla. Sess. Laws ch. 133, House Bill 1213 ("the Act").  The Act was adopted in Oklahoma on July 1, 1997, and was originally intended as a get-tough-on-crime measure.  It included provisions requiring serious offenders to serve seventy-five to eighty-five percent of their sentences without the

---

[1]  Both the magistrate and district judges referred to Teague's petition as brought pursuant to 28 U.S.C. §§ 2241 or 2254.  However, because Teague challenges the execution of his sentence rather than the validity of his conviction or sentence, we analyze his claim under 28 U.S.C. § 2241.  See Davis v. Kaiser, No. 00-6080, 2000 WL 895603, at *1 (10th Cir. July 6, 2000).  Regardless of whether his petition is considered under § 2241 or § 2254, Teague must be granted a certificate of appealability before we may consider his appeal on the merits.  See Montez v. McKinna, 208 F.3d 862, 867-69 (10th Cir. 2000).

availability of parole. It also established a sentencing matrix and abolished jury sentencing in an attempt to standardize sentencing among districts. The sentencing matrix apparently would have reduced the amount of time certain offenders would be required to serve. These provisions spawned a multitude of appeals by prisoners challenging their sentences on the grounds that the Act should be applied to them retroactively. Notably, this Court has held repeatedly that the Act did not create any federal constitutional claims for those seeking habeas relief. See Turner v. Champion, No. 98-6480, 1999 WL 1032972, at *1 (10th Cir. Nov. 15, 1999) (collecting cases).

Teague's petition seems to raise issues of first impression in this Court. On closer review, however, it is obvious that Teague merely repackages the arguments made in previous petitions to this court cited in Turner. Instead of directly asserting that he is entitled to retroactive application of the Truth in Sentencing Act, Teague claims his constitutional rights have been violated by the postponement and subsequent repeal of the Act.[2] In other words, had the Act not been repealed, Teague argues he would have been entitled to retroactive application of its provisions. Teague also asserts that the repeal of the Act violated various provisions of the Oklahoma Constitution.

The Ex Post Facto Clause of the United States Constitution, Art. I, § 9, "bars application of a law 'that changes the punishment, and inflicts a greater punishment, than

---

[2] House Bill 1002, 1998 Okla. Sess. laws, 1st Ex. Sess., ch. 2, postponed the effective date of the Act by one year. House Bill 1009X, 1999 Okla. Sess. Laws, 1st Ex. Sess., ch. 5, effectively repealed the Act.

the law annexed to the crime, when committed . . . .'" Johnson v. United States, 120 S.Ct. 1795, 1800 (2000) (quoting Calder v. Bull, 3 U.S. (3 Dall.) 386, 390 (1798) (emphasis deleted)). Generally, to be cognizable a violation of the Ex Post Facto Clause requires proof that the law challenged operates retroactively and that it raises the penalty from that which would have been imposed when the criminal activity occurred. Id.

Petitioner seems to misconstrue his right under the Ex Post Facto Clause of the Constitution to be both affirmative and negative. The right is usually thought of as a right to be free from ex post facto laws. See id. at 1801 ("The Ex Post Facto Clause raises to the constitutional level one of the most basic presumptions of our law: legislation, especially of the criminal sort, is not to be applied retroactively."). Petitioner asserts the right to be entitled to retroactive application of the adopted but non-effective Truth in Sentencing Act. However, the Ex Post Facto Clause does not work in this manner. We can find no support for the asserted right to have a law that was adopted, but repealed before its effective date, applied retroactively on collateral review. Nor can we find any support for petitioner's claim that the Oklahoma laws which postponed and repealed the Act violated his rights under the Ex Post Facto Clause. It is true that these laws resulted in the reinstatement of the 1991 Oklahoma laws which would have been repealed had the Act been made effective. However, until the Act became effective—which it never did—petitioner was convicted under, and his sentence was governed by, the 1991 laws.

Thus, we can not see how his penalty was increased from the time he committed his original unlawful acts. In fact, we can not see how it was changed at all.[3]

We agree with the district court in its adoption of the magistrate's judge's conclusion that the "repeal of the Oklahoma Truth In Sentencing Act which was not in effect at the time of Petitioner's offenses or sentencing has no constitutional implications whatsoever with respect to Petitioner's sentences." (R. Doc. 3 at 3.)

Because petitioner has failed to make a substantial showing of the denial of a constitutional right, his request for a certificate of appealability is **DENIED**. This appeal is **DISMISSED**. Teague's motion to proceed in forma pauperis is **GRANTED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[3] To the extent that Teague bases his petition on Oklahoma state law, such claims are not cognizable on federal habeas review. See 28 U.S.C. § 2241(c)(3); Montez, 208 F.3d at 865.